UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

KAREEM PERRY,

    Plaintiff,

-v-

GLENN S. GOORD, Former Commissioner,
JOHN W. BURGE, Superintendent,
MICHEAL HENDERSON, Deputy Superintendent,
SHAWN M. CRONIN, Deputy Superintendent, and
T. MOOTZ, Correctional Counselor,

    Defendants.

DECISION AND ORDER
06-CV-0828E

---

    Plaintiff, who is incarcerated in the Upstate Correctional Facility Correctional Facility, and was formerly incarcerated at the Elmira Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

    Plaintiff's complaint requests a temporary restraining order and preliminary injunction directing the defendants to remove him to a single cell because he believes he is in imminent danger of an assault by other inmates. He claims that when he was at Elmira he was in imminent danger of an assault from other inmates and that, despite requests for protection from the defendants, he was assaulted by another inmate. He continues to believe that he is imminent danger at Upstate.

Plaintiff's request for a temporary restraining order and preliminary injunction must be denied for a number of reasons. First, plaintiff has not established the criteria for the issuance of a temporary restraining order under Fed.R.Civ.P. 65(b).

> A temporary restraining order may be granted without written or oral notice to the adverse party ... only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed R. Civ. P. 65(b). Plaintiff's complaint does not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). A preliminary injunction cannot be issued without notice to the opposing party. Fed.R.Civ.P. 65(a)(1).[1]

---

[1] Plaintiff previously filed a complaint alleging the same facts, and requested a temporary restraining order and preliminary injunction; said request was denied pursuant to Fed.R.Civ.P. 65(a). (*Perry v. Goord, et al.*, 06-CV-0447E). In that action, the Court directed that the summons and complaint be filed forthwith and, despite plaintiff's failure to file a separate motion for injunctive relief, required defendants to file a response to the request for a preliminary injunction, which they did arguing that plaintiff had not exhausted his administrative remedies and had not established a likelihood of success on the merits. Defendants noted, *inter alia*, that the assault plaintiff alleged occurred in August 2006 at Elmira was never reported to prison officials and there was no record of it, and that plaintiff had been placed in keeplock for disciplinary reasons so was not in imminent danger as alleged in the complaint. Defendants also submitted proof that plaintiff's request for protective custody had been denied because he would not identify the inmate who threatened or assaulted him. (*Id.*, Docket Nos. 12-13). Following defendants' responses and answer to the complaint, plaintiff requested that the matter be stayed so he could exhaust his administrative remedies. Because exhaustion is a prerequisite to filing suit under 42 U.S.C. § 1983, *see* 42 U.S.C. § 1997e, the Court dismissed the action without prejudice. (*Id.*, Docket No. 20).

Secondly, despite being advised previously of the requirements for the issuance of a temporary restraining order, see n. 1, supra; Fed.R.Civ.P. 65(b); see also Local Rules of Civil Procedure, 65(a)(1)-(2), plaintiff, as noted, has failed to notify the defendants and has also failed to meet the Local Rules' requirement that a separate motion and memorandum of law be filed when applying for a temporary restraining order. Lastly, plaintiff's complaint does not establish a likelihood of success on the merits nor does it raise serious questions going to the merits. If plaintiff complies with both the Federal Rules and Local Rules of Civil Procedure, and can establish the criteria for the issuance of a preliminary injunction he may file a motion for a preliminary injunction. At this time, however, his request for a temporary restraining order and preliminary injunction is denied.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:  FEB 27        , 2007
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge