UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREEM S. PERRY,

                       Plaintiff,                             **Hon. Hugh B. Scott**

                                                                        06CV828

                                                                        (CONSENT)

                       v.                                                  **Order**

GLENN S. GOORD, et al.,

                       Defendants.

Before the Court is plaintiff's motion to seal portions of the record and to proceed under a pseudonym (Docket No. 65) and his motion for an expedited hearing of the motion to seal (Docket No. 66). (Also pending are defendants' motion for summary judgment (Docket No. 44) and their motion to dismiss (Docket No. 61).) Given the pending motions and the expedited nature of plaintiff's latest motions, the Court has decided these motions without seeking response from defendants. The motion to expedite (Docket No. 66) is **granted** but plaintiff's motion to seal and to proceed under a pseudonym is **denied**.

## BACKGROUND

The motion to file under seal consists of plaintiff's attorney declaration (based upon counsel's familiarity of the facts in this case, particularly the allegations contained in the Complaint, Docket No. 65, Pl. Atty. Decl. ¶¶ 1, 3-7), and memorandum of law (Docket No. 65). Plaintiff repeats the allegations in the Complaint that he fears for his safety due to his

cooperation with law enforcement, claiming that he has been threatened and assaulted by other inmates once they learn or believe that he is an informant (id. ¶¶ 3-6), with defendant Department of Corrections Services officials failing to protect plaintiff from these assaults and threats (id. ¶ 7). Plaintiff initially intended to file the Complaint anonymously in 2006 (see Docket No. 1, Compl. at 1 (caption of action had word "anonymous" stricken)) but had plaintiff's name inserted. The caption in subsequent filings by the parties indicate not only plaintiff's name but also his Departmental Identification Number ("DIN"). Plaintiff argues that these threats and violence will continue if he has to publicly file his papers.

Three years later (and over a year after counsel was appointed for plaintiff, see Docket No. 37), plaintiff now moves to seal "specific portions of the record which list [plaintiff's] name and his Departmental Identification Number (DIN number), including all papers previously filed by either the plaintiff or the defendants . . . ," (Docket No. 65, Pl. Motion to Seal ¶ 1), redaction of his name and DIN from all previously filed papers and allowing plaintiff to proceed under a pseudonym (id. ¶ 2). Plaintiff makes this motion after his request to appear at a status conference "off the record" was denied (Docket No. 65, Pl. Atty. Decl. ¶ 10; see also Docket No. 60).

The moving papers here, however, do not allege any new threats or assaults arising either from plaintiff prosecuting this action or renewed disclosure of the allegation that he was an informant from the pleadings and papers filed in this action, although his counsel declares (in support of the parallel motion for expedited hearing) that plaintiff suffered several incidences of violence while incarcerated, due to retaliation for his activities as a prison informant and that more attacks may happen in the future after he responds to defendants' motion (Docket No. 66, Pl. Atty. Decl. ¶¶ 5, 6). Plaintiff himself did not submit a statement in support of this motion.

2

Also currently pending is defendants' motion to dismiss (Docket No. 61) arising from an Order to Show Cause regarding plaintiff's conduct in federal actions in this Court and in other districts (Docket No. 58). Briefing of this motion now has responses due July 1, 2009, any reply by July 15, 2009, argument on July 21, 2009, at 10:15 am (Docket No. 64), hence plaintiff's second motion for expedited hearing of the motion to stay so that he knows whether he can respond to the motion to dismiss or not (Docket No. 66, Pl. Atty. Decl. ¶¶ 3, 7).

Plaintiff claims that details of his activities as a prison informant would be revealed in his response to the defense motion to dismiss, details that would become part of the public record if not allowed to be filed under seal or with his name redacted (id. ¶ 5).

## DISCUSSION

I.     Motion to Seal

There is a presumption that Court documents are accessible to the public and "that a substantial showing is necessary to restrict access," W.D.N.Y. Loc. Civ. R. 5.4(a); see id. R. 5.4(b) (procedure for sealing cases or portion thereof). As noted by plaintiff (Docket No. 65, Pl. Memo. at 6), the Court may seal certain judicial records when the Court has made "specific, on the record findings . . . demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest,'" In re New York Times, 828 F.2d 110, 116 (2d Cir. 1987) (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)); United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005). No such record has been made here to justify sealing or allowing plaintiff to proceed by pseudonym.

Plaintiff's counsel's declaration is exclusively based upon plaintiff's allegations in the Complaint about prior threats and violence without any further allegation of harm from

3

disclosure of plaintiff prosecuting this action by, for example, responding to pending motions. Only in the motion for expedited hearing does plaintiff (again by counsel's declaration) make general statements that further detailed disclosure in filing may cause retaliation. He does not state how other inmates would learn of filings in this action (both those currently in the public record and those he intends to file). Plaintiff has not given examples of post-filing threats or violence or the failure (or continued failure) of defendants or the Department of Correctional Services to afford him protection from threats. The previous threats and violence that plaintiff now cites as proof of potential future violence are contested allegations. For example, defendants' pending summary judgment motion (among other grounds) dispute whether plaintiff was assaulted in one instance (see Docket No. 46, Defs. Memo. at 4, 6-7). This initial allegation, without even an allegation of a present or potential future threat, is not sufficient to justify sealing the record.

While plaintiff argues that he not seeking a wholesale sealing of the record, wishing only to remove his name and DIN from the public record, given that all captioned items by the parties contain his name and DIN, it would require redaction of that entire record (almost the entire record save Orders that did not include plaintiff's DIN but still contained his name).

The combination of PACER and electronic case filing system makes plaintiff's case accessible to those with computer access and an account with the federal judiciary to access filings. When introduced, PACER allowed persons to access the dockets of federal cases; later, this access was augmented by the electronic case filing system which allows PACER account holders to obtain electronic copies of filed documents on the Court's dockets. As a practical matter, that access is readily available to attorneys (those most likely to have PACER accounts)

4

and those who come to the courthouse's computer terminals (the latter the same access one would have to manually filed paper documents). An inmate in state custody, however, would have difficulty gaining that access, assuming the lack the computer privileges and funds to upload documents by means of PACER. An inmate interested in what his fellow inmates are doing in federal court would have to have an attorney or someone outside the facility be willing to access information about the other inmates and provide filings for them. It is unlikely that an inmate will expend this effort to locate documents in another person's case.

Filing under seal and redacting identifying information will do little to prevent alleged harm to plaintiff. Plaintiff's contacts with his counsel (and ultimately filing any papers with the Court) would have to go through prison channels, presumably a source of his safety concerns about others learning of his legal action or that he is conducting such actions. Therefore, plaintiff's motion to have documents with his name or DIN filed under seal is **denied**.

II.     Motion to Proceed by Pseudonym

The United States Court of Appeals for Second Circuit has adopted the formulation by the Ninth Circuit regarding when a litigant can proceed by pseudonym, holding that they can proceed in that manner provided that that party's interest in anonymity is balanced against the public's interest in disclosure and whether there is any prejudice to the opposing party, Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008) (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)) (Docket No. 65, Pl. Memo. at 5). Among the (non-exhaustive) factors to be considered in this balancing are the risk of retaliatory physical harm in identifying the party and whether the party's identity has been confidential thus far, id. at 189-90 (id. at 5). Since these factors (as well as those that arise from the particulars of

a given case), this Court must exercise its discretion in weighing the competing factors, the review of the grant or denial of allowing a litigant to proceed by pseudonym is for abuse of discretion, id. at 190.

As stated above, the record here is insufficient to show the risk of harm to plaintiff in continuing to disclose his identity. Plaintiff and his counsel only argue here the speculation of future harm from the allegations of harm asserted in the Complaint. Aside from plaintiff's aborted attempt to proceed anonymously (cf. Docket No. 1, Compl. at 1), plaintiff's identity has not been kept confidential. As for some of the other factors, see id., this litigation does involve highly sensitive matters, given the prison context, and is commenced against government officials and employees. Disclosure that an inmate may be an informant places that inmate in some jeopardy, plaintiff may risk incurring the same injuries he alleges in this action. But plaintiff has not asserted any difficulties arising from disclosure in this action or recurrence of the injuries alleged in the Complaint. The Complaint alleges activities while plaintiff was at the Elmira Correctional Facility (Docket No. 1); plaintiff has been transferred from that facility and, according to correspondence from plaintiff's counsel, again plaintiff has been recently transferred (letter of Timothy Barna to Chambers, May 27, 2009). Plaintiff has not asserted new (or renewed) problems in these different facilities. There may be prejudice to defendants in sealing or having plaintiff proceed by pseudonym now after litigating under his name for three years and with dispositive motions pending. The substantive issues of this case are factual–whether plaintiff was threatened, whether he was assaulted by inmates due to his informant activities, and whether defendants were aware of these things and failed to act–and not "purely legal" matters

6

where there may be "an atypically weak public interest in knowing the litigants' identities," id. (quoting Doe v. Del Rio, 241 F.R.D. 154, 157 (S.D.N.Y. 2006)).

Plaintiff has proceeded in this action with his name and DIN on most of the papers without stated incident. Shifting to pseudonyms now would be unduly burdensome. Plaintiff's motion is **denied**.

III.  Motion for Expedited Hearing

In addition to seeking an expedited hearing of his motion to seal, plaintiff sought a stay of defense motion to dismiss while the seal motion was pending. The motion for expedited hearing was granted and this decision rendered in order not to delay the pending dispositive motions. Given that plaintiff may have relied upon this motion to delay consideration of defense motion to dismiss, a brief extension of the briefing schedule for defendants' motion is necessary. Thus, plaintiff's response (currently due July 1, 2009) is now due **July 15, 2009**; defendants' reply, if any, as a result is due **July 20, 2009**, and argument is reset to **Wednesday, July 29, 2009, at 10:00 am**, before the undersigned.

## CONCLUSION

For the reasons stated above, plaintiff's motion for expedited hearing (Docket No. 66) is **granted**; plaintiff's motion to seal and to proceed by pseudonym (Docket No. 65) is **denied**.

Response to defendants' pending motion to dismiss (Docket No. 61), is now due **July 15, 2009**, any reply is due by **July 20, 2009**, argument of defendants' motion is set for **Wednesday, July 29, 2009, at 10:00 am**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
June 25, 2009